**UNITED STATES of America**

v.

**James E. FORD, George W. Kimble.**

**Cr. No. 717–62.**

United States District Court
District of Columbia.
April 27, 1965.

Victor W. Caputy, Asst. U. S. Atty., Washington, D. C., for the United States.

Addison Bowman, Legal Aid Agency, Washington, D. C., for defendants.

PINE, District Judge.

Under date of April 12, 1965, the United States Court of Appeals entered an order in the above case stating that the record before the court was "inadequate to permit proper review * * * of the legality of the arrest of appellants without warrants having been issued for such arrest," and ordering that the record be remanded with directions that the District Court "supplement it by holding a hearing on the aforesaid matter and making factual findings on the issue of the legality of the arrest without warrants."

This case previously had come on for trial on February 27, 1963, and soon thereafter it became necessary to interrupt the trial, excuse the jury, and hear testimony out of their presence involving, among others, the question presented by the order now before me. Numerous witnesses were heard and the legal points were fully argued. This occupied the attention of the court for about a day and a half. At the conclusion of this hearing the court made findings ore tenus on the facts and legal questions presented. (Transcript pp. 164, 165, 166, 167 and 168.)

The case is now before me pursuant to the order of April 12, 1965. The District Attorney stated that he had no further evidence to submit, and thereupon defense counsel called two of the witnesses who had previously testified when the case was on trial.

I find very little in their present testimony which adds to that previously given except that it points up the reliability of the informer, the fact that defendants had no fixed place of abode, and the fact that there was time to apply for a warrant for the arrest of defendants before the actual arrest was made on the day succeeding the day of the commission of the offense, after a "tip off" as to their whereabouts by the informer. While it was practicable to seek an arrest warrant before the arrest, I adhere to my former conclusion herein, to the effect that an arrest warrant is not a *sine qua non* to a valid arrest, even where it is practicable to seek one, in a case where the officers had, as here, probable cause to believe that a felony had been committed and that the defendants had committed it, and did not act unreasonably or oppressively. I do not believe the law requires police officers to leave their police duties, where they are urgently needed, for the purpose of obtaining an arrest warrant under the circumstances of this case as set forth in the testimony and the findings already made herein. My view in this regard is supported by Mills v. United States, 90 U.S.App.D.C. 365, 196 F.2d 600, 602, where the Court of Appeals for this Circuit held that an arrest was valid in a case where the officers had time to apply for a warrant and did not do so, and that a warrant was unnecessary where the officers had "reasonable grounds to make the arrest", as here. In addition, in United States v. Rabinowitz, 339 U.S. 56, 65, 66, 70 S.Ct. 430, 94 L.Ed. 653, the Supreme Court expressly overruled its previous decision in Trupiano v. United States, 334 U.S. 699, 68 S.Ct. 1229, 92 L.Ed. 1663, which required a search warrant solely upon the basis of the "practicability" of procuring it. I can see no basis for applying a more stringent rule of "practicability" in the case of an arrest without a warrant. Further, as stated in the Rabinowitz case, supra, "[s]ome flexibility will be accorded law officers engaged in daily battle with criminals for whose restraint criminal laws are essential".